# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| DERRICK RANARD BRADEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2346-JDT-tmp |
| | ) | |
| BILL HASLAM, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER TO DOCKET MOTION AS NOTICE OF APPEAL
## AND DIRECTING PLAINTIFF TO FILE A PROPER *IN FORMA PAUPERIS*
## AFFIDAVIT AND TRUST ACCOUNT STATEMENT

The *pro se* prisoner Plaintiff, Derrick Ranard Braden, filed a complaint pursuant to 42 U.S.C. § 1983 on May 18, 2016 (ECF No. 1), but he did not submit either the civil filing fee or a motion to proceed *in forma pauperis* and trust account statement as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). Subsequently, the Court ordered Plaintiff to either pay the entire $400 filing fee or submit a motion to proceed *in forma pauperis* and a copy of his trust account statement within thirty days. (ECF No. 3.) However, Plaintiff failed to file a properly completed *in forma pauperis* affidavit; therefore, the Court issued another order directing him to submit the necessary documentation within thirty days. (ECF No. 5.) Plaintiff was warned, for the second time, that if he did not comply the Court would deny pauper status, assess the full $400 civil filing fee from his trust

account without regard to the installment procedures, and dismiss the action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). (*Id.* at 2.)

Plaintiff did not file any further documents in this case, but he did file two additional *in forma pauperis* affidavits in another of his cases in this district, *Braden v. Schofield*, No. 16-2358-JDT-tmp (W.D. Tenn. Aug. 17, 2016) (ECF Nos. 8 & 9). The Court treated those affidavits as having been filed in this case as well. However, because those affidavits also were insufficient, the Court denied leave to proceed *in forma pauperis*, dismissed this case and assessed the entire $400 civil filing fee without regard to the PLRA. (ECF No. 6.) Judgment was entered on August 18, 2016. (ECF No. 7.)

On September 6, 2016, Plaintiff filed another motion for leave to proceed *in forma pauperis*. (ECF No. 8.) Although he has not filed an actual notice of appeal, at the top of the affidavit he wrote "Appeal." (*Id.* at 1.) Therefore, the Clerk is DIRECTED to docket the affidavit again, as a notice of appeal.[1]

Like the affidavits Plaintiff previously submitted in *Braden v. Schofield*,[2] this latest affidavit is improperly completed and thus insufficient. The assets listed appear similar to

---

[1] The Court of Appeals will make the actual determination of whether the document is a sufficient notice of appeal.

[2] While the affidavit is signed by Braden, the plaintiff is again listed as "'Fast Eddie' J. Trei Washington Jr." (ECF No. 8 at 1; *see also* No. 16-2358, ECF No. 9). However, for the first time, the affidavit also lists the name of Plaintiff's ex-wife, Candace Washington, and an individual named "J.W. 'Trei' III." Thus, although it is not clearly stated, the Court surmises that "'Fast Eddie' J. Trei Washington Jr." may be an alias for Derrick Braden, or vice versa. Nevertheless, without Plaintiff clearly stating such, the Court will not include the name as an alias on the docket.

those Plaintiff previously identified as belonging to either his aunt, Bobbie Jean Echols (*see* No. 16-2358, ECF No. 8)[3] or his mother (*see id.*, ECF No. 9). As the Court stated in the order dismissing this case, there is no evidence that Plaintiff has the legal right to treat any of those assets as his own.[4]

Plaintiff is hereby ORDERED to submit either the full $505 appellate filing fee or an *in forma pauperis* affidavit and trust account statement within thirty days after the date of this order. Plaintiff should properly complete the affidavit by listing only his own current assets, not those of his relatives.

If Plaintiff fails to file the required documents in a timely manner, the Court will deny leave to appeal *in forma pauperis* and assess the entire $505 filing fee from his inmate trust account without regard to the installment procedures, and the Sixth Circuit may dismiss the appeal for failure to prosecute. However, if Plaintiff timely submits the necessary documents and the Court finds that he is indigent, then the Court will grant leave to appeal *in forma pauperis* and assess the filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b).

---

[3] Plaintiff has also listed Ms. Echols in his documents as if she were another plaintiff or referred to her as "attorney." (ECF No. 1 at 1, 2; ECF No. 4 at 1; *see also* No. 16-2358, ECF No. 1 at 1, 3; *id.*, ECF No. 8 at 1.) However, Ms. Echols has not signed any documents and no claims have been made on her behalf. In addition, if she is an attorney, she has not made an appearance in either of Plaintiff's cases.

[4] The Court also notes that if the assets listed in the affidavit actually *do* belong to Plaintiff, it does not appear that he is indigent; therefore, pauper status would be denied and he would be required to pay the appellate filing fee in one lump sum.

The Clerk is directed to provide Plaintiff with a copy of the prisoner affidavit form along with this order. The Clerk is further directed to notify the Sixth Circuit of the entry of this order.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE