IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DERRICK RANARD BRADEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2346-JDT-tmp |
| | ) | |
| BILL HASLAM, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER CERTIFYING THE APPEAL IS NOT TAKEN IN GOOD FAITH,
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS* AND
DENYING MOTION FOR REDUCED INSTALLMENT PAYMENTS

The *pro se* prisoner Plaintiff, Derrick Ranard Braden, filed a notice of appeal from the dismissal of this case. (ECF No. 10.) However, the Sixth Circuit dismissed the appeal for want of prosecution after Plaintiff failed to comply with this Court's order to either pay the appellate filing fee or submit a properly supported *in forma pauperis* application and trust account statement. *See Braden v. Haslem*, No. 16-6411 (6th Cir. Nov. 2, 2016). On November 22, 2016, this Court denied leave to appeal *in forma pauperis* when Plaintiff belatedly attempted to submit the required financial information. (ECF No. 14.) On December 16, 2016, Plaintiff filed a copy of this Court's November 22, 2016, order, on the first page of which he wrote, *inter alia*, "No. 16-6411-JDT-tmp" and "Appeal and Extension." (*Id.* at 1.) The Clerk filed the document as a Notice of Appeal from that

November 22nd order denying leave to appeal *in forma pauperis*. *See Braden v. Haslem*, No. 16-6818 (6th Cir. Dec. 19, 2016) (appeal docketed).

The Court is not entirely sure that Plaintiff intended to file another separate appeal. However, to the extent he did intend to file a second appeal, the Court hereby CERTIFIES that it is frivolous and not taken in good faith and DENIES leave to appeal *in forma pauperis*.

Also on December 16, 2016, Plaintiff filed a document titled "Motion For Installment Payments." (ECF No. 18.) In that motion, Plaintiff refers to himself as the "garnishee" and asks the Court to reduce his payments with regard to a debt in the amount of $1,810.00. (*Id.* at 1.) However, as of the date of this order, Plaintiff owes the Court $400 for the civil filing fee assessed in this case and $400 for the civil filing fee assessed in case number 16-2358-JDT-tmp. Therefore, the $1,810.00 figure listed does not appear to relate to either proceeding. In any event, the assessment of the filing fees in Plaintiff's civil cases is not a garnishment and the collection of those fees from his inmate trust account is not subject to any state garnishment statutes or procedures. The motion for reduced installment payments with regard to the civil filing fees is DENIED.

IT IS SO ORDERED.

                                                    s/ **James D. Todd**
                                                    JAMES D. TODD
                                                    UNITED STATES DISTRICT JUDGE